## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SCHÜTZ CONTAINER SYSTEMS, INC., and PROTECHNA S.A. | ) ) | |
| | ) | Civil Action No. 09cv03609-RWS |
| Plaintiffs, | ) | |
| | ) | Hon. Richard W. Story |
| v. | ) | |
| | ) | |
| MAUSER CORP. and NATIONAL CONTAINER GROUP, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS MAUSER CORP.'S AND NATIONAL CONTAINER GROUP, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' DOCTRINE OF EQUIVALENTS INFRINGEMENT CONTENTIONS

If Plaintiffs wanted to assert a doctrine of equivalents theory, they should have disclosed it, and the bases thereof, on a limitation-by-limitation basis. This disclosure should have been made within the deadline set by the Court, so as to provide Defendants with adequate notice of Plaintiffs' position. Plaintiffs did not do so.

Rather, it appears that Plaintiffs do not have a doctrine of equivalents theory at this time or do not want to commit to it for strategic reasons, but wish to reserve their "rights" to add one later, after claim construction, if they lose on claim

construction, and only to the extent necessary based on the admissions in Defendants' response to Plaintiffs' contentions. Plaintiffs' interpretation of the Patent Local Rules is unfounded, ignores the policy behind the Patent Local Rules, distorts the persuasive authority most closely on point, and would result in the ability of patentees to game the system to the detriment of patent defendants and to the detriment of efficient case management. Plaintiffs were required to make full and complete contention disclosures based on a thorough analysis of all the available evidence. Plaintiffs did not do so and should therefore be precluded from relying on their cursory contentions. Defendants' motion should be granted.

## I.    PLAINTIFFS' CONTENTIONS ARE INADEQUATE

Under the Patent Local Rules of this and other jurisdictions, infringement contentions are required before the accused infringer discloses its invalidity contentions. N.D. Ga. LPR 4.1(b)(4); N.D. Cal. Patent L.R. 3-1(e); E.D. Tex. P.R. 3-1(d). As a court of this district has previously stated:

> The Local Patent Rules [of the Northern District of Georgia], adopted in 2004, were intended to accomplish several major purposes. [The] rules were enacted to create a uniform schedule that prescribes the time and manner for disclosure of information pertaining to such issues as infringement, invalidity, and claim construction. Such a timeline promotes efficient discovery and reduces the potential for discovery disputes and wasted effort.

*McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 495 F. Supp. 2d 1329, 1332 (N.D. Ga.  2007).

The reason for this ordering is more than simply narrowing the claims requiring invalidity contentions.  Rather, the accused infringer may rely on the claim scope alleged in the patentee's infringement contentions in formulating its invalidity contentions.  *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses").  Plaintiffs' disclosures turn this order of disclosures on its head.

In support of their position, Plaintiffs would have the Court believe that they complied with the "plain language" of LPR 4.1(b)(4).  Plaintiffs are correct that the rule permits a patentee to disclose that an individual claim limitation is met literally, through the doctrine of equivalents, or both.  What the plain language and purpose of the rule do not permit, however, is a conditional, non-committal "disclosure" that a plaintiff will only allege doctrine of equivalents infringement  if (1) an accused infringer does not concede that a particular claim term is met literally, and (2) the plaintiff loses on claim construction and cannot assert literal infringement.  Yet this is exactly what Plaintiffs admit they have attempted to do in

direct contravention of the explicit sequence of disclosures required by the Patent Local Rules.  Pl. Resp. at 3, ("In effect, Plaintiffs *alternatively* pled that each element of each asserted claim was infringed literally or under the doctrine of equivalents."), 4 ("Plaintiffs intend to pursue both theories of infringement *at least until the Court issues its claim construction Order*"), 5 n.5 (describing Plaintiffs' own contentions as "reservations and alternate pleadings"), 6 n. 7 ("At this point, it is even unclear which elements of which claims Defendants will deny they infringe, either literally or under the doctrine of equivalents.").

This is not a matter of meaningless semantics.  By refusing to commit to a precise position until after Defendants serve their responses to Plaintiffs' contentions, or until there has been a claim construction decision, Plaintiffs have managed to avoid committing to the broader claim interpretation that a doctrine of equivalents assertion would inherently require until Plaintiffs have learned which limitations Defendants have admitted are present in the accused instrumentalities literally and until after Plaintiffs have learned what prior art Defendants are relying upon for invalidity.   Thus, if Plaintiffs' gamesmanship is countenanced, Defendants will have been deprived the opportunity to assert invalidity based on the broader claim interpretation that an actual doctrine of equivalents assertion by

Plaintiffs would have required.[1]  Plaintiffs are not entitled to the best of both the infringement and invalidity worlds.  If a patentee wants to claim the benefit of the broader claim scope afforded by the doctrine of equivalents, that patentee should be required to explicitly say so, make its disclosures and contentions, and live with the corresponding effect on an accused infringer's invalidity position.  *See McKesson*, 495 F. Supp. 2d at 1332 ("[T]he rules were enacted to elicit the parties' positions on infringement and invalidity early in the case.  By requiring the parties to take positions sooner rather than later, the Local Patent Rules discourage gamesmanship and tend to facilitate early resolution of the dispute.").

In addition, Plaintiffs' disclosures lack the requisite level of detail, even if such contingent contentions were allowed.  The *ChemFree* court made clear that the Patent Local Rules require disclosure of specific theories, not mere labels and purported attempts to reserve the right to fill in the details later.  *ChemFree Corp. v. J. Walter, Inc.*, 250 F.R.D. 570, 573 (N.D. Ga. 2007);  *see also McKesson*, 495 F. Supp. 2d at 1332 ("The Local Patent Rules have been characterized as an

---

[1] For example, Defendants admitted that the inner container of the Accused Instrumentalities is made of synthetic resin.  Had Plaintiffs stated that a product made of some other substance was equivalent to a product made of synthetic resin and identified the reasons why the substance was equivalent, a larger scope of prior art—one which would include products made of other substances that fit the criteria for equivalence articulated by Plaintiffs—would be implicated.

'exercise in forced door closing,' in the sense that they force the parties to take infringement and invalidity positions early in the litigation and stick to them. For instance, a plaintiff asserting patent infringement must detail specifically, within sixty days of the defendant's answer, how it contends the defendant is infringing its patent.").

Further, while Plaintiffs claim that the undisputed substantive law outlining the legal standards that will govern their alleged doctrine of equivalents theory is somehow irrelevant at this stage of the litigation, Pl. Resp. at 8-9, Plaintiffs' interpretation of the Patent Local Rules is inconsistent with the requirement of specificity articulated in *ChemFree*:

> Thus, invalidity contentions serve a function far more important than the mere identity and disclosure of potentially relevant evidence: they explain exactly *how* the opposing party will use that evidence to invalidate the patents.

*Id.* at 573.   While *ChemFree* discussed invalidity contentions, the rationale is, if anything, stronger in the case of infringement contentions, because it is the patentee who best understands his own patent and has elected to file suit in the first place.

The cases cited by Plaintiffs as allegedly not requiring any specificity in contentions are unavailing.   For example, the *Realtime* court denied plaintiff's

motion to amend its contentions, noting the high expectation that a plaintiff will be prepared, before filing suit, to "set forth specific theories of infringement at the outset of the case, utilizing all publicly available information" so that they may "formulate, test and crystallize their infringement contentions early in litigation." *Realtime Data, LLC v. Packeteer, Inc.,* No. 6:08-cv-144, 2009 WL 2590101, at *2 (E.D. Tex. Aug. 18, 2009) (citations omitted).  Similarly, in *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754 (E.D. Tex. 2004), the court stated that a party must comply with the local patent rules "by setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent rules themselves."  *Id.* at 755.

Finally, Plaintiffs attempt to avoid the clear import of the *Rambus* decision, in which doctrine of equivalents contentions ***identical*** to Plaintiffs' were stricken and removed from the case, with a series of red herrings.  First, Plaintiffs argue that *Rambus* involved a later stage in the litigation and involved final infringement contentions.  Pl. Resp. at 7.  While that would be theoretically (although, as discussed below, not actually) relevant to whether ***amendment*** would be proper later, the *Rambus* court ruled that the disclosures themselves were inadequate because they contained mere boilerplate and did not include any limitation-by-

- 7 -

limitation analysis.  *Rambus Inc. v. Hynix Semiconductor Inc.*, Nos. C-05-00334 RMW, C-05-02298 RMW, 06-00244 RMW, 2008 WL 5411564, at *3 (N.D. Cal. Dec. 29, 2008).  The same is true of Plaintiffs' contentions here:  they contained mere boilerplate and did not include any limitation-by-limitation analysis.

Second, Plaintiffs argue that there are relevant differences between the Patent Local Rules of this district and of the Northern District of California.  Pl. Resp. at 5 n.4.  There are no such differences that impact the analysis here.  This district follows the decisions on the Patent Local Rules of the Northern District of California as persuasive authority.  *ChemFree*, 250 F.R.D. at 572 n.3.  The inclusion of the "or both" language in this district's LPR 4.1(b)(4) does not change the level of disclosure required and does not allow for contingent contentions, as discussed above.  Further, this minor difference has no bearing at all on the relevance of the *Rambus* decision, which focused on the specificity of the disclosures.

Nor does LPR 4.5 of this district's Patent Local Rules change the *Rambus* decision.  LPR 4.5 *requires* supplementation of legitimate contentions in the same manner as discovery responses.  It does not create any rights to amend freely; rather, it places a burden to amend to reflect later discovered evidence that is relevant to a theory that has been properly disclosed already.

Lastly, Plaintiffs cling to the *Keithly* decision of the Northern District of California in the face of the *Rambus* decision.  Pl. Resp. at 5 n.4.  To the extent the cases cannot be reconciled, notwithstanding the relevant fact that *Rambus* was decided later, *Rambus* is more consistent with the goals of full disclosure and avoiding gamesmanship embodied in the Patent Local Rules and should be followed.[2]

In sum, Plaintiffs' argument that their contentions were adequate in light of the *Rambus* and *ChemFree* decisions and the clear language and purpose of the Patent Local Rules is without merit.  Plaintiffs' contentions did not adequately disclose a doctrine of equivalents theory, much less the bases for such theory.

## II.    PLAINTIFFS HAVE WAIVED ANY BASIS FOR AMENDMENT BY FAILING TO ACT DILIGENTLY TO DATE

Most of Plaintiffs' argument regarding amendment is based on: (1) a claimed right to amend disclosures at will to reflect later-developed strategic interests; and (2) an alleged lack of prejudice to Defendants.  Plaintiffs' positions are unfounded.

---

[2] Plaintiffs' citation to the infringement contentions filed in the *Infini-Lite* case¸ Pl. Resp. at 5 n.5, are disingenuous and misleading.  This Court did not opine upon or issue any ruling as to the veracity of the contentions in the *Infini-Lite* case.  To the extent Plaintiffs argue that the use of such boilerplate is commonplace, Plaintiffs have merely demonstrated the extent of a problem that should be firmly addressed.

Under the decisions of the Northern District of California, as affirmed by the Federal Circuit, a patentee is not permitted to amend its contentions to add new theories unless the patentee was diligent.  *O2 Micro Int'l. Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("Thus, we reject O2 Micro's apparent argument [under N.D. Cal. local patent rules] that 'good cause' must exist for amending its infringement contentions, without regard to its diligence in doing so, merely because new evidence was revealed during discovery.").  Therefore, Plaintiffs' repeated reliance on Eastern District of Texas cases—a district in which a patentee need not necessarily show diligence so long as the amendment would not result in prejudice, s*ee, e.g., Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625-626 (E.D. Tex. 2007)[3]—is of no merit here.

Moreover, the decisions of this district are consistent with the rigorous amendment standard of the Northern District of California.  In *ChemFree*, the court required a party seeking to amend its contentions to show "substantial justification for [the] delay."   250 F.R.D. at 572-73.   Plaintiffs attempt to distinguish *ChemFree* on the purported grounds that *ChemFree* applies only if the

---

[3] Plaintiffs misconstrue Defendants' reliance on Eastern District of Texas cases: to the extent Defendants have done so, it has been for the purpose of the guidance those cases provide on what constitutes diligence, which remains one relevant factor in the Eastern District of Texas analysis.  *Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08 cv 24, 2009 WL 4574690, at *1-2 (E.D. Tex. Nov. 30, 2009).

claims have already been construed.   Pl. Resp. at 8 (quoting from *ChemFree*:

"Most importantly, . . . this Court had already construed the claims of the patent-

in-suit when Defendants amended their invalidity contentions.").   Yet elsewhere in

their brief Plaintiffs state that this is exactly when they would be making the

amendment they may later ask the Court to permit:

> Moreover, even if Plaintiffs' statement is construed to be
> a reservation of rights, Plaintiffs are ***entitled*** to such a
> reservation at this stage in the litigation.   An analysis of
> infringement necessarily involves the proper construction
> of the asserted claim . . . . No terms or phrases have yet
> been ***proposed*** for construction, much less had their
> scope defined. . . . Until the claims are construed, it is
> impossible, and indeed prejudicial, to force a patent
> owner to rely solely upon a contention of literal
> infringement. . . .

Pl. Resp. at 5-6 (emphasis in original, footnotes and citations omitted).

Further, the remedy Defendants seek has been granted by a court of this

district in a previous case.   *Emory Univ. v. Nova Biogenetics, Inc.,* No. 1:06-CV-

0141-TWT, 2008 WL 2945476, at *3-4 (N.D. Ga. July 25, 2008) (barring accused

infringer from raising invalidity or non-infringement defenses where accused

infringer failed to serve invalidity contentions or responses to infringement

contentions).[4]   And in any event, a party who loses in claim construction has no

---

[4] While the court in *Emory* noted that the case was in later stages of the litigation
than the case is here, the fact that the offended party in *Emory* chose not to have

automatic right to rely on doctrine of equivalents as a later-added back-up position. *See Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667-68 (E.D. Tex. 2007) (granting accused infringer's motion to strike patentee's amended infringement contentions adding doctrine of equivalents because "[a] party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions. . . . Accepting such an argument would encourage parties to file narrow proposed constructions with an eye towards hiding important contentions until shortly before trial.").

Even if Plaintiffs' erroneous position regarding amendment was correct, Defendants would in fact be prejudiced by Plaintiffs' interpretation of the Patent Local Rules.   Plaintiffs propose that, for every claim limitation, Defendants "develop their claim constructions positions and their case to provide for defenses to both literal or doctrine of equivalents infringement."   Pl. Resp. at 13 n.15. Defendants should not be required to devote resources guessing at and preparing to defend against the positions that Plaintiffs *may* ultimately elect to take—should Plaintiffs' strategic interests be served—when Plaintiffs have conceded that they may very well drop those allegedly disclosed theories later if they find them

_____

the issue addressed early in that case should not affect the ultimate conclusion that a party who does not comply with the rules and is not diligent should be held to those decisions.

unnecessary.   Pl. Resp. at 4 ("Plaintiffs intend to pursue both theories of infringement *at least until the Court issues its claim construction Order*") (emphasis added); 6 n. 7 ("At this point, it is even unclear which elements of which claims Defendants will deny they infringe, either literally or under the doctrine of equivalents."[5]).   Plaintiffs' perceived version of the Patent Local Rules would result in inefficient prosecution of patent cases to the financial and strategic prejudice of the accused infringers that patentees have chosen to sue.

Finally, Plaintiffs attempt to obfuscate the fact that they have had three years to develop a doctrine of equivalents case.  Plaintiffs do not deny that they have had an accused device since 2007.  Pl. Resp. at 14 n.18.  Instead, Plaintiffs argue that they only considered trademark claims during that time.  *Id.*  The cases discussing the diligence requirement for amending contentions do not inquire into whether a moving party actually *chose* to analyze the available evidence; rather, they look to whether the moving party had an *opportunity* to conduct that analysis.  *See, e.g., ChemFree*, 250 F.R.D. at 573.  There is no dispute that Plaintiffs have had an accused device since 2007.  The fact that Plaintiffs had that evidence prior to filing suit (as well as Defendants' Answer), as opposed to discovering the evidence

---

[5] This statement simply is not true.  Defendants stated in their Answer that a Mauser inner container is not flush with the floor pan of a Schütz cage and that the bottom of the floor pan of a Schütz cage is not adapted to the drainage bottom of a Mauser inner container.  Answer, Docket #15, at Counterclaim ¶¶ 20-21.

during litigation, should make no difference in the analysis, which simply looks to a party's diligence so as not to reward sloth.[6]

In sum, Plaintiffs never faced a "Hobson's choice" in deciding between literal infringement and doctrine of equivalents infringement.  Pl. Resp. at 15-16. Plaintiffs are the assignee and licensee of the asserted patent, and presumably had the capacity—and indeed, under Fed. R. Civ. P. 11 were required, *see View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)—to ascertain the scope of their patent and apply it against the accused product before filing suit. That there may be ramifications to the strategic choices a patentee must make is something the Patent Local Rules nonetheless require to ensure that patent cases are handled efficiently and fairly.  Plaintiffs are not entitled, so as to best preserve their own strategic options, to manipulate their disclosures in an effort to deprive accused infringers of the full benefit of their rights under the Patent Local Rules.

## III.    CONCLUSION

For the foregoing reasons, as well as the reasons articulated in Defendants' opening brief, Defendants respectfully ask the Court to strike Plaintiffs' boilerplate, contingent doctrine of equivalents contentions without leave to amend.

---

[6] Plaintiffs' reliance on Defendants' position that this case warranted an extended discovery schedule is well off the mark.  This involves a number of other patent issue and non-patent claims.  Moreover, this case is complex in comparison to other cases generally found on a federal docket.

Dated:      May 10, 2010

/s/ *Russell E. Levine*
Robin L. McGrath (Ga. Bar # 493115)
Jennifer Liotta (Ga. Bar # 109528)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777

Russell E. Levine, P.C. (*pro hac vice*)
Robin A. McCue (*pro hac vice*)
Matthew V. Topic (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200

*Attorneys for Defendants Mauser Corp.*
*and National Container Group, LLC*

- 15 -

## NORTHERN DISTRICT OF GEORGIA
## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that this document has been prepared in Times New Roman

14 point font in accordance with Local Rule 5.1.


Dated:          May 10, 2010

<div style="margin-left: 40%;">

/s/ *Russell E. Levine*
Robin L. McGrath (Ga. Bar # 493115)
Jennifer Liotta (Ga. Bar # 109528)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777

Russell E. Levine, P.C. (*pro hac vice*)
Robin A. McCue (*pro hac vice*)
Matthew V. Topic (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200

*Attorneys for Defendants Mauser Corp.*
*and National Container Group, LLC*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2010, I electronically filed DEFENDANTS MAUSER CORP.'S AND NATIONAL CONTAINER GROUP, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' DOCTRINE OF EQUIVALENTS INFRINGEMENT CONTENTIONS with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following opposing counsel of record:

> Mark V. Campagna (mcampagna@jonesday.com)
> Andrew C. Doherty (acdoherty@jonesday.com)
> William B.B. Smith (wsmith@jonesday.com)
> J. Jason Williams (jjwilliams@jonesday.com)

<div style="text-align: right">

/s/ *Russell E. Levine*
Robin L. McGrath (Ga. Bar # 493115)
Jennifer Liotta (Ga. Bar # 109528)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

Russell E. Levine, P.C. (*pro hac vice*)
Robin A. McCue (*pro hac vice*)
Matthew V. Topic (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

*Attorneys for Defendants Mauser Corp.
and National Container Group, LLC*

</div>