IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCHÜTZ CONTAINER SYSTEMS, INC., and PROTECHNA S.A. | : :  : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:09-CV-3609-RWS : |
| MAUSER CORP. and NATIONAL CONTAINER GROUP, LLC, | : : : : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Plaintiffs' Motion to Strike Defendants' Sixteenth Affirmative Defense [18] and Defendants' Motion to Strike Plaintiffs' Doctrine of Equivalents Infringement Contentions [32]. After a review of the record, the Court enters the following Order.

**I.     Plaintiffs' Motion to Strike**

Plaintiffs request that the Court strike Defendants' Sixteenth Affirmative Defense on the basis that the defense does not comply with the pleading requirements set forth by Rule 9(b).  The Sixteenth Affirmative Defense in the Answer alleges that the "'777 Patent is unenforceable due to the inequitable

conduct on the part of Plaintiffs." (Dkt. No. [15] at 21-22.) Defendants further allege that Plaintiffs committed fraud against the Patent and Trademark Office ("PTO") by claiming small entity status despite their nonconforming large size. (Id.)

Plaintiffs contend that the affirmative defense does not comply with the heightened pleading requirements of Rule 9(b), does not provide fair notice to parties of the allegation, and does not allege facts that give rise to a strong inference of fraudulent intent. (Dkt. No. [18] at 3 citing Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326-27 (Fed. Cir. 2009.))

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Upon review, the Court finds that Defendants have sufficiently alleged facts to place Plaintiffs on notice of the conduct at issue. The allegations, while simple, specifically detail the claim being asserted. The who, what, when, where, and how of the misrepresentation are briefly stated. Furthermore, Defendants have alleged fraudulent conduct and the Court may reasonably infer that Plaintiffs acted with the deceptive intent required under Rule 9(b). See

AO 72A
(Rev.8/82)

Exergen, 575 F.3d at 1327. Accordingly, Plaintiffs' Motion to Strike Defendants' Sixteenth Affirmative Defense [18] is DENIED.

## II. Defendants' Motion to Strike

Defendants request that the Court strike Plaintiffs' doctrine of equivalents disclosure from Plaintiffs' Infringement Contentions. (Dkt. No. [32].)[1] Defendants argue that the disclosure is lacking in that Plaintiffs failed to assert "on a limitation-by-limitation basis, particularized testimony and linking argument as to the insubstantiality of the differences" between the accused product and what was literally claimed by the patentee. (Dkt. No. [32] at 8 quoting Amgen Inc. v. F. Hoffman-La Roche Ltd., 580 F.3d 1340, 1382 (Fed. Cir. 2009). Defendants contend that, despite access to the alleged infringing sample for two years, Plaintiffs have included general boiler-plate language rather than the specific contentions required. See ChemFree Corp. v. J. Walter, Inc., 250 F.R.D. 570, 573 (N.D. Ga. 2007); Rambus Inc. v. Hynix

---

[1] Local Patent Rule 4.1(b)(4) requires a Patent owner to state, "[w]hether each element of each asserted claim is claimed to be literally present, present under the doctrine of equivalents, or both."
In response, Plaintiffs asserted in their infringement contentions:
> To the extent any element of any asserted claim is deemed not to be literally infringed, Plaintiffs allege that such elements are infringed under the doctrine of equivalents. (See Dkt. No. [32] Exh. C at 4.)

Semiconductor Inc., Nos. C-05-00334 RMW, C-05-02298 RMW, 06-00244 RMW, 2008 WL 5411564, at *3 (N.D. Cal. Dec. 29, 2008).

The Court recognizes that at this stage of the litigation, Plaintiffs have not had the benefit of discovery nor claim construction. However, in the Court's opinion, Plaintiffs' boilerplate contentions do not comply with the requirements of Local Rule 4.1(b)(4), which is crafted to encourage parties to take positions as to the asserted claims. It is the Court's view the Plaintiffs are asserting a claim based on literal infringement and reinforcing their right to amend to plead under the doctrine of equivalents if the process of claim construction alters the meaning of the terms. It is within Plaintiffs' right to amend its disclosure within thirty (30) days of the Court's ruling. (See L.R. 4.5 "In addition, any amendment or modification of the Disclosures or Responses which a party believes are required in light of a either a claim construction ruling by the Court or a modification of an opposing party's Disclosure or Response shall be made within thirty (30) days of service of such ruling, Disclosure or Response.")

However, if Plaintiffs wish to jointly assert a claim under the doctrine of equivalents at this time, then Plaintiff must amend the contention to assert such

a claim on a limitation-by-limitation basis as dictated under the rules.  The Court shall grant Plaintiffs twenty (20) days to amend the contentions if they so desire.  Accordingly, Defendants' Motion to Strike Plaintiffs' Doctrine of Equivalents Infringement Contentions [32] is **GRANTED**.

## Conclusion

Based on the foregoing, Plaintiffs' Motion to Strike Defendants' Sixteenth Affirmative Defense [18] is **DENIED** and Defendants' Motion to Strike Plaintiffs' Doctrine of Equivalents Infringement Contentions [32] is **GRANTED**.

**SO ORDERED** this   11th   day of June, 2010.

_____
**RICHARD W. STORY**
United States District Judge