**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SCHÜTZ CONTAINER SYSTEMS, INC., : :  Plaintiff, : : v. : : MAUSER CORP. and NATIONAL CONTAINER GROUP, LLC, : :  Defendants. | CIVIL ACTION NO. 1:09-CV-03609-RWS |

**ORDER**

This case comes before the Court on Defendants' Motion to Amend their Answer, Affirmative Defenses, and Counterclaims [60], and Plaintiff's Motion for Leave to File Surreply Brief [69].  After considering the record, the Court enters the following Order.

**Background**

This case arises out of trademark infringement and false advertising claims related to Plaintiff Schütz Container Systems, Inc.'s ("Plaintiff") intermediate bulk containers ("IBCs") used for the transportation of goods. Plaintiff manufactures and sells new IBCs, while Defendant National Container

Group, LLC ("NCG") sells reconditioned and rebottled IBCs, consisting of a Schütz outer cage and a new replacement bottle made by Defendant Mauser Corp. ("Mauser"). (See Dkt. No. [60-6] at 2-3). Plaintiff has accused Defendants NCG and Mauser ("Defendants") of false advertising and trademark infringement, along with other claims, on the basis that Defendants' use of the outer cage displaying the Schütz mark constitutes unauthorized use of such mark. (See Dkt. No. [60-1]).[1]

Defendants seek leave of the Court to amend their Answer, Affirmative Defenses, and Counterclaims. (See Dkt. No. [60]).[2] In their proposed First Amended Answer, Affirmative Defenses, and Counterclaims, Defendants seek to supplement their earlier filing by (1) joining additional Counter-Defendants Schütz GmbH & Co. KGaA, Schütz-Werke GmbH & Co. KG, and Schütz Verwaltungs GmbH, and (2) asserting against Counter-Defendants claims for false advertising under the Lanham Act, 15 U.S.C. § 1000 et seq., and violations of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §

---

[1] Plaintiff's complaint originally included claims for patent infringement, which were dismissed by order of this Court on July 9, 2010. (See Dkt. No. [56]).

[2] Plaintiff seeks leave to file a surreply in further opposition to Defendants' motion to amend. (Dkt. No. [69]). However, the Courts' ultimate holding obviates the need for any further briefing in opposition to Defendants' instant motion.

2

10-1-372.  These counter-claims are predicated on statements posted on the Schütz website that the practice of cross-bottling in refurbished IBCs (such as Defendants') "means that the entire system can no longer be considered tested and approved: can no longer be considered tested and approved: the results of interaction between original and non-OEM components are unknown." (Defendants' First Amended Counterclaims [60-1] ¶ 24).  Neither defendant is mentioned by name on the website.  (See Dkt. No. [60-2] at 18).  In addition, both Defendants move to amend their affirmative defenses to reflect the dismissal of Plaintiff's patent claims.

Plaintiff does not oppose the amendment of Defendants' affirmative defenses or the assertion of state and federal false advertising claims against the existing plaintiff.  (See Dkt. No. [65] at 4).  The Court will therefore permit the amendment with respect to those claims and defenses.  However, Plaintiff opposes the addition of the three additional foreign parties at this stage of the proceedings on the ground that the amendment, which was filed four months after the deadline imposed in the Court's scheduling order, is both untimely and futile.

3

## Discussion

When a motion to amend is filed after a scheduling order deadline, Federal Rule of Civil Procedure 16 is the proper guide for determining whether a party's delay may be excused. S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241(11th Cir. 2009) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). A scheduling order may be modified only for good cause and with the Court's consent. FED. R. CIV. P. 16(b)(4). The key to good cause is diligence. Sosa, 133 F.3d at 1419.

The Eleventh Circuit has identified at least three factors for consideration when evaluating diligence: (1) the movant's efforts failure to ascertain information before the initial filing, (2) the availability of the information to the movant, and (3) the movant's delay in utilizing information made available through discovery responses. See Wasdin v. Cheetah Transp., LLC, No. 5:05-cv-340 (DF), 2006 WL 3534969, at *2 (M.D. Ga. Dec. 7, 2006) (citing Sosa, 133 F.3d at 1418).

In the present case, the Court's March 2, 2010 scheduling order limited the amendment period to 30 days after the Order, or April 1, 2010. Defendants learned on or around May 2010 that the Schütz website contained allegedly false and misleading statements. (Dkt. No. [68] at 13). Defendants

4

subsequently filed the instant motion on August 6, 2010, four months after the deadline specified in the scheduling order and nearly three months after this publicly accessible website came to their attention.

With respect to the availability factor, the information at issue has been readily available since the commencement of Plaintiff's original action.  (See Dkt. No [65] at 8-9).  Moreover, with respect to the delay factor, Defendants displayed no sense of urgency in filing the present amendment, despite learning of the allegedly false statements one month past the agreed-upon amendment deadline.  Rather, Defendants' only explanation for this delay is a single reference to "conducting a reasonable investigation."  (Dkt. No. [68] at 13). This unexplained three-month delay in acting on publicly available information hardly demonstrates diligence on the part of Defendants in seeking this amendment.

The present case presents an even less compelling showing of good cause than those where courts have rejected motions to amend based on similar delays in response to less accessible information.  See Southern Grouts, 575 F.3d at 1242-43 (denying motion to amend where trademark owner delayed one month after learning through interrogatory response that competitor had purchased ads on Internet search engine for the disputed mark); E.E.O.C. v. Exel Inc., 259

5

F.R.D. 652, 654-55 (N.D. Ga. 2008) (rejecting plaintiff's argument that amendment should be permitted based on evidence adduced during deposition testimony two months before motion).  As such, the Court concludes that Defendants have not shown good cause under Rule 16.

Additionally, even if Defendants could survive the Rule 16(b)(4) challenge, they still must satisfy Federal Rule of Civil Procedure 15.  Rule 15 directs the Court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  Despite this admonition, the trial court has "extensive discretion" in deciding whether to grant leave to amend. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or *is futile*." Id. (emphasis added).  A claim is futile if it cannot withstand a motion to dismiss.  See Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999); Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996).  Under Rule 15, the movant has the burden of demonstrating the propriety of the amendment. W.S. McDuffie and Assocs., P.C. v. Owens, 682 F. Supp. 1226, 1229 (N.D. Ga. 1988).  If Defendants cannot establish the Court's personal jurisdiction over the proposed parties to be added, then the

6

those prospective counter-defendants would ultimately have to be dismissed, and adding those parties would be futile. Id.

The Georgia long-arm statute confers personal jurisdiction over nonresidents to the maximum extent permitted by due process. HTL Sp. Z O.O. v. Nissho Corp., 245 Ga. App. 625, 626, 538 S.E.2d 525 (2000). As Georgia's long-arm statute is thus coextensive with the constitutional requirements of due process, the state law and due process analyses collapse into a single inquiry. Imageline, Inc. v. Fotolia LLC, 663 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009). A nonresident defendant's contacts with a forum state may give rise to either "general" or "specific" personal jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). For either form of personal jurisdiction, a necessary condition is that there be some act by which the party purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. See Imageline, 663 F. Supp. 2d at 1373 (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

Defendants incorrectly assert that the Court has personal jurisdiction over the parties to be added because each is listed as either the publisher of the

7

website, www.schuetz.net, where the false and misleading statements are found, or is listed on the Imprint page of the website as "the personally liable partner." (Defendants' First Amended Counterclaims ¶¶ 9-11).  Defendants further argue that the interactive nature of the website is sufficient to confer personal jurisdiction over the parties to be added, as it allows customers to use a personalized "customer reference number" and actively request the pick-up of used containers for reconditioning and refurbishing.  (Dkt. No. [68] at 6-7).

However, this Court has previously found in similar circumstances that a website operator was not subject to specific personal jurisdiction in Georgia in a copyright infringement suit where the plaintiff failed to show that the cause of action related to the interactive nature of the website.  See Imageline,  663 F. Supp. 2d at 1376 (finding the forum contact unrelated to the cause of action where the defendant acknowledged that some of its active users resided in Georgia, but plaintiff did not claim that any of those users uploaded any of the allegedly-infringing works to defendant's website or downloaded those works to their personal accounts or computers).  Here, Defendants have failed to allege any facts, such as a showing of harm in Georgia resulting from the alleged false and misleading statements, that would demonstrate a link between Defendants' counter-claim and the forum state.

Likewise, absent any allegation that some critical portion of the website's traffic stems from users within this forum, the mere fact of the website's interactivity is insufficient to confer general personal jurisdiction based upon continuous and systematic general business contacts with the state of Georgia. See id. (finding that website operator was not subject to general personal jurisdiction when Georgia users made up less than one percent of operator's users and provided less than one percent of its revenues). Defendants have alleged no quantum of traffic from Georgia users at all, much less one sufficient to support a finding of continuous contact with this forum.

Rather, Defendants rely on conclusory allegations of such contacts "based upon information and belief" alone and argue that such allegations entitle them to further jurisdictional discovery. (Defendants' First Amended Counterclaims ¶¶ 9-11; Dkt. No. [68] at 8). However, Defendants' factual allegations fail to suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state" necessary to justify such jurisdictional discovery. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003); see also Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185-86 (2d Cir. 1998) (noting that allowing conclusory allegations to establish personal jurisdiction "would require the federal courts to conduct

9

substantial jurisdictional discovery over foreign corporations-a practice in which they have not hitherto engaged").

As such, the Court declines to permit amendment to add a party where there is no indication that the Court would properly be able to exert personal jurisdiction over that party once it is added.

## Conclusion

For the aforementioned reasons, Defendants' Motion to Amend their Answer, Affirmative Defenses, and Counterclaims [60] is **GRANTED** in part and **DENIED** in part, and Plaintiff's Motion for Leave to File Surreply Brief [69] is **DENIED** as moot. Defendants are granted leave to amend their affirmative defenses to reflect the dismissal of Plaintiff's patent claims and to add claims under the Lanham Act and the Georgia Uniform Deceptive Trade Practices Act against existing Plaintiff, but are denied leave to join additional Counter-Defendants Schütz GmbH & Co. KGaA, Schütz-Werke GmbH & Co. KG, and Schütz Verwaltungs GmbH.

**SO ORDERED**, this  7th  day of December, 2010.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)